TRINETTE G. KENT (State Bar No. 025180)
3219 E Camelback Rd #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Lawrence Briggs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence Briggs,<br><br>             Plaintiff,<br><br>    vs.<br><br>Ford Motor Company,<br><br>             Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

For his Complaint, Plaintiff Lawrence Briggs, by the undersigned counsel, states as follows:

## JURISDICTION AND VENUE

1. This is an action by a purchaser of a 'lemon' 2019 Ford F-150 Raptor vehicle for damages related to dangerous defects in the vehicle and Defendant's wrongful failure to honor the terms of its warranty.

2. This Court has jurisdiction over this matter pursuant to the Magnuson-Moss Federal Act, 15 U.S.C. § 2310(d)(1)(B), in that Plaintiff claims more than $50,000.00 in damages, exclusive of interest and costs.

3. In addition, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

4. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

6. Plaintiff, Michael Gonzalez (hereafter "Plaintiff"), is an adult individual residing in Phoenix, Arizona, and is a citizen of Arizona.

7. Defendant Ford Motor Company (hereafter the "Manufacturer," and/or the "Defendant"), is a Delaware corporation with a principle place of business located

at One American Road, Dearborn, Michigan 48126. Thus, Ford Motor Company is a citizen of Delaware and Michigan.

8.  The Manufacturer is in the business of marketing, supplying, and selling vehicles accompanied by written warranties to the public at large through a system of authorized dealerships.

## STATEMENT OF FACTS

9.  On or about August 27, 2019, Plaintiff visited Peoria Ford in Peoria, Arizona, an authorized dealership of the Manufacturer (hereafter "Peoria Ford"), and agreed to purchase a new 2019 Ford F-150 Raptor, Vehicle Identification Number (VIN) 1FTFW1RG1KFB96304 (the "Vehicle"), for private use.

10. The purchase price of the Vehicle was $123,348.00, including options, fees, taxes, and finance charges.

11. At the time Plaintiff purchased the Vehicle, Peoria Ford made representations as to the Vehicle's performance and quality and assured Plaintiff that it was accompanied by the Manufacturer's vehicle limited warranty and was free from defects of workmanship.

12. Since the time of purchase to the present, the Vehicle has been subject to repair and has been out of service for at least thirty (30) days because of substantial irregularities with the Vehicle's drivetrain.

13. On November 7, 2019, Peoria Ford accepted the Vehicle for repair.

14. At the time, the Vehicle's odometer read 6,421 miles.

15. Plaintiff complained of intermittent loud screeching noise in the front right side of the Vehicle's engine.

16. Peoria Ford inspected the Vehicle but claims it has been unable to duplicate a complaint.

17. The Vehicle was ready for pick up the same day.

18. On November 11, 2019, Peoria Ford accepted the Vehicle for repair.

19. At the time, the Vehicle's odometer read 6,786 miles.

20. Plaintiff complained the Vehicle's four-by-four system would not engage.

21. Peoria Ford verified the complaint and attempted a repair by replacing both front "IWE" actuators.

22. The Vehicle was ready for pick up five days later on November 15, 2019.

23. On December 16, 2019, Peoria Ford accepted the Vehicle for repair.

24. At the time, the Vehicle's odometer read 10,349 miles.

25. Plaintiff complained the Vehicle's four-by-four system would not engage and steeling noise could be heard when attempting to engage the four-by-four system.

26. Peoria Ford verified the complaint and attempted a repair by replacing left front axle.

4

27. The Vehicle was ready for pick up fifteen days later on December 30, 2019.

28. On January 14, 2020, Peoria Ford accepted the Vehicle for repair.

29. At the time, the Vehicle's odometer read 12,185 miles.

30. Plaintiff complained the Vehicle's four-by-four system made clunking noise when attempting to engage, that squealing noise could be heard from right front engine area when driving on the highway, and that when driving in reverse the Vehicle made a screeching noise in left rear area.

31. In response, Ford Peoria attempted a repair by replacing the Vehicle's driveshaft, right front axle, wheel bearing and "IWE."

32. The Vehicle was ready for pick up ten days later on January 23, 2020.

33. Despite all such repair attempts, the same nonconformities persisted.

34. By a letter dated February 24, 2020, Plaintiff notified the Manufacturer that the Vehicle continued to suffer from the afore-mentioned nonconformities.

35. On May 20, 2020, per Manufacturer's request, Plaintiff brought the Vehicle to Bell Ford dealership in Phoenix, Arizona for inspection and repair.

36. The Vehicle was ready for pick up twenty-eight days later on January 16, 2020.

37. At the time of the pick, Bell Ford told Plaintiff they failed to duplicate the complaints.

5

38. As Plaintiff was driving away from Bell Ford, the Vehicle exhibited the same drivetrain noise as previously complained by the Plaintiff.

39. On July 7, 2020, AutoNation Ford Scottsdale in Scottsdale, Arizona, an authorized dealership of the Manufacturer ("AutoNation Ford"), accepted the Vehicle for repair.

40. At the time, the Vehicle's odometer read 20,201 miles.

41. Plaintiff complained when the Vehicle's four-by-four system was engaged, the Vehicle exhibited loud whining and intermittent clunking noise.

42. AutoNation Ford verified a complaint, determined that "IWE" was source of noise, and attempted a repair by replacing the "IWE" vacuum solenoid.

43. The Vehicle was ready for pick up on July 8, 2020.

44. The defects experienced by Plaintiff substantially impair the use, value, and safety of the Vehicle.

45. Plaintiff provided Defendant or one or more of its authorized or franchised dealers with reasonable opportunity to repair the problems with the Vehicle.

46. Defendant has neglected, failed, or otherwise been unable to repair the substantial impairments to the Vehicle within a reasonable amount of time.

## COUNT I

**(Breach of Arizona Lemon Law – A.R.S. § 44-1261, *et seq.*)**

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. Plaintiff is a "consumer" as defined in Ariz. Rev. Stat. Ann. § 44-1261(A)(1).

49. At all times relevant hereto, the Vehicle is a "motor vehicle" for purposes of Ariz. Rev. Stat. Ann. § 44-1261(A)(2).

50. During the first two years or 24,000 miles of operation, the Vehicle has been out of service by reason of repair for at least 30 days.

51. The defects in Plaintiff's Vehicle substantially impair its use, value, and safety to Plaintiff.

52. The Manufacturer or its authorized dealership(s) have been unable to repair such defects within reasonable amount of time.

## COUNT II

**(Breach of Magnuson-Moss Warranty Act – 15 U.S.C. §2301, *et seq.*)**

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. Plaintiff is a "consumer" as defined in 15 U.S.C. § 2301(3).

55. Defendant is both a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4) and (5).

56.   The Vehicle is a "consumer product" as defined in 15 U.S.C. § 2301(1).

57.   15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

58.   15 U.S.C. § 2304(a)(1) requires Defendant, as a warrantor, to remedy any defect, malfunction, or nonconformance of the Vehicle within a reasonable time and without charge to Plaintiff.

59.   Defendant has failed to remedy the defects within a reasonable time, thereby breaching the written and implied warranties applicable to the Vehicle.

60.   As a result of Defendant's breaches of written and implied warranties, and Defendant's failure to remedy the same within a reasonable time, Plaintiff has suffered damages.

## COUNT III

### (Breach of Express Warranties)

61.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62.   In connection with the sale of the subject vehicle to the Plaintiff, Defendant provided the Plaintiff with a New Vehicle Limited Warranty, under which it agreed to repair original components found to be defective in material or workmanship under normal use and maintenance, including the subject vehicle's drivetrain and four-by-four system.

63. Plaintiff relied on Defendant's warranty when he agreed to purchase the subject vehicle and Defendant's warranty was part of the basis of the bargain.

64. Plaintiff submitted his vehicle for warranty repairs as referenced herein. Defendant failed to comply with the terms of the express written warranty provided to the Plaintiff, by failing to repair the Vehicle's defects within a reasonable period of time under the Vehicle's warranty as described herein.

65. Plaintiff has given the Defendant reasonable opportunities to cure said defect, but Defendant has been unable to do so within a reasonable time.

66. As a result of said nonconformities, the Plaintiff cannot reasonably rely on the Vehicle for the ordinary purpose of safe, comfortable and efficient transportation.

67. The Plaintiff could not reasonably have discovered said nonconformities with the subject vehicle prior to Plaintiff's acceptance of the subject vehicle.

68. The Plaintiff would not have purchased the subject vehicle, or would have paid less for the subject vehicle, had he known, prior to the respective time of purchase, that the subject vehicle contained the defects identified herein.

69. As a direct and proximate result of the failure of the Defendant to comply with its obligations under the express warranty, Plaintiff has suffered actual and consequential damages. Such damages include, but are not limited to, the loss of the

use and enjoyment of his vehicle, and a diminution in the value of the subject vehicle containing the defects identified herein.

## PRAYER FOR RELIEF

A. An order approving revocation of acceptance of the Vehicle, or replacement of the Vehicle with a new comparable vehicle;

B. Money damages, in the form of a refund of the full contract price, including trade-in allowance, taxes, fees, insurance premiums, interest, and costs, and a refund of all payments made by Plaintiff on the Vehicle contract;

C. Equitable relief including, but not limited to, repair of the defective Vehicle with an extension of the express and implied warranties, and service contracts which are or were applicable to the Vehicle, in the event that Plaintiff is not found to be entitled to revocation or replacement;

D. Incidental and consequential damages;

E. Reasonable attorneys' fees;

F. Costs; and

G. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

| | | |
|---|---|---|
| 1 | DATED:  September 18, 2020 | LEMBERG LAW, LLC |
| 2 | | |
| 3 | | |
| 4 | | By: *Trinette G. Kent* (signature) |
| 5 | | Trinette G. Kent |
| 6 | | Attorney for Plaintiff, |
| 7 | | Lawrence Briggs |